```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
PATRICK AGYAPONG,

                              Plaintiff,

    - against -                                                  COMPLAINT AND
                                                                 JURY TRIAL DEMAND
P.O. D. BOHAN, Shield No. 204, P.O. JIMMY
DIODATI, Shield N0. 327, P.O. MONACO,
Shield No. 84, P.O. RUBIN, Shield No. 290,              '11 CIV 00586
P.O. KOSNOCSICK, Shield No. 465,
P.O. "JOHN DOES" 1-5 and THE CITY OF
YONKERS,                                                        JUDGE SEIBEL

                              Defendants.
-------------------------------------------------------------X
```

Plaintiff, PATRICK AGYAPONG, by his attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION

1. This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourteenth amendment to the Constitution of the United States.

3. Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

4. Plaintiff, invoking the pendent jurisdiction of this Court, also seeks compensatory and punitive damages for malicious prosecution.

## VENUE

5. Venue is properly alleged in the Southern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

7. At all times relevant hereto, plaintiff, PATRICK AGYAPONG, was and is a natural person, presently residing in the County of Bronx, City and State of New York.

8. At all times relevant hereto, defendant P.O. D. BOHAN, Shield No. 204 (hereinafter "BOHAN") was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF YONKERS.

9. At all times relevant hereto, defendant P.O. JIMMY DIODATI, Shield No. 327 (hereinafter "DIODATI") was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF YONKERS.

10. At all times relevant hereto, defendant P.O. MONACO, Shield No. 84, (hereinafter "MONACO") was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF YONKERS.

11. At all times relevant hereto, defendant P.O. RUBIN, Shield No. 290, (hereinafter "RUBIN") was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF YONKERS.

12. At all times relevant hereto, defendant P.O. KOSNOCSICK, Shield No. 465, (hereinafter "KOSNOCSICK") was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF YONKERS.

13. At all times relevant hereto, defendants P.O. "JOHN DOES" 1-5, (hereinafter "DOES") were and are natural persons, employed as police officers by the Police Department of defendant CITY OF YONKERS.

14. At all times relevant hereto, defendant CITY OF YONKERS was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

15. On or about May 13, 2010, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiff served upon the Corporation Counsel of the City of Yonkers a verified written notice of claim setting forth the time, place, nature and manner in which said claim arose.

16. More than thirty (30) days have elapsed since the aforesaid verified notice of claim was served and the City of Yonkers has neglected and refused to make payment of said claim.

17. This action is commenced within one year and ninety days from the date the pendent claim herein accrued.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST THE INDIVIDUAL DEFENDANTS
### (42 U.S.C. §1983)

18. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "17" hereinabove as if more fully set forth at length herein.

19. On or about August 15, 2009, at approximately 4:45 P.M., plaintiff lawfully parked his motor vehicle in the middle, or second, level of a parking lot adjoining a Sears department store that is located at 800 Central Park Avenue in the City of Yonkers, County of Westchester, State of New York.

20. After parking his aforementioned motor vehicle, plaintiff proceeded upstairs to the third-floor entrance of the aforementioned Sears store to meet his

girlfriend, Ophelia Ampansah, at the time employed at Sears, who is not a party to this action.

21. Plaintiff and his girlfriend, Ms. Ampansah, had arranged to meet when she left work at about 5:00 P.M.

22. When Ms. Ampansah did not leave through the third-floor exit, plaintiff proceeded down a stairway to the first level of the parking lot and then went in the first-floor entrance to the store.

23. The aforementioned first floor entrance is adjacent to the women's clothing department.

24. At the time, Ms. Ampansah was employed on the first floor, in the women's shoe department of the aforementioned Sears store.

25. When plaintiff arrived at the women's shoe department, however, Ms. Ampansah was not present.

26. Ms. Ampansah called plaintiff on his cell phone and informed him that she would indeed be exiting on the third floor and would meet him in the middle-level parking area.

27. Plaintiff proceeded to leave the store and to run back up the stairs to the middle level of the parking lot.

28. When he reached the top of the aforementioned stairs, plaintiff observed two of the individual defendants hereto near his vehicle and all the other individual defendants standing behind those defendants.

29. One of the aforementioned two individual defendants was defendant BOHAN.

30. Defendant BOHAN approached plaintiff and demanded identification from him.

31. Plaintiff inquired as to why he was being asked for his identification, but the defendant accompanying defendant BOHAN informed him that he could not ask that question.

32. Plaintiff reached into his left hip pocket for his wallet, where his identification documents were, including a document from the New York State Department of Motor Vehicles.

33. However, before plaintiff could produce the aforementioned documents for defendant BOHAN, defendant BOHAN and the other individual defendants threw him to the ground and began beating him.

34. Defendant BOHAN falsely and maliciously exclaimed that plaintiff had bitten him.

35. Defendant BOHAN's false claim of being injured by plaintiff led to plaintiff's being pummeled, kicked and hit with great severity by all of the individual defendants.

36. While the individual defendants were striking plaintiff, they were also yelling and cursing at him.

37. Ms. Ampansah arrived at the scene, saw plaintiff on the ground, being struck and rear-handcuffed, and observed that, as a result of the aforementioned blows from the individual defendants, plaintiff was bleeding from both the back of his head and from his mouth.

38. One or more of the individual defendants ordered Ms. Ampansah to leave the scene.

39. Plaintiff, rear-handcuffed, was picked up by his forearms and frisked by one or more of the individual defendants.

40. One of the individual defendants illegally and improperly removed the key to plaintiff's motor vehicle from plaintiff's right hip pocket.

41. One or more of the individual defendants, without plaintiff's consent or a search warrant, opened plaintiff's locked motor vehicle with the key that they had illegally taken from him, searched its interior and its trunk, removed the back seat and the spare tire and emptied the glove box.

42. Plaintiff was taken to Central Booking.

43. At Central Booking, plaintiff was kept rear-handcuffed while he was being questioned. The handcuffs were removed briefly only for plaintiff to be fingerprinted. Otherwise he was kept in a cell.

44. Plaintiff was photographed.

45. However, plaintiff's request to one of the individual defendants that a photograph of the wound to the back of his head be taken was refused.

46. Plaintiff requested one or more of the individual defendants to take him to a hospital for treatment of his wounds.

47. However, one or more of the individual defendants replied that plaintiff would not be taken to a hospital and that he had deservedly received his wounds because he had bitten a police officer.

48. Plaintiff's handcuffs were finally removed when he was placed in a different cell.

49. At approximately 2:00 A.M. on the next day, August 16, 2009, the pain in plaintiff's head had become so unbearable that he once again requested to be taken to a hospital.

50. Plaintiff was now taken in a police department motor vehicle to St. Joseph's Medical Center in Yonkers, New York.

51. At approximately 6:30 A.M., after being treated at St. Joseph's Medical Center, plaintiff was taken back to Central Booking.

52. Plaintiff was not arraigned before a Judge in Yonkers City Court until August 17, 2009.

53. At his arraignment, plaintiff was falsely and maliciously charged on the complaint of defendant BOHAN with one count of assault in the second degree and one count of resisting arrest.

54. Bail was set.

55. Because plaintiff could not immediately pay his bail, he was incarcerated in the Westchester County Correctional Center until August 20, 2009.

56. On August 20, 2009, plaintiff once again appeared in Yonkers City Court and was this time released on his own recognizance.

57. Upon his release, plaintiff went to retrieve his motor vehicle at the facility to which the individual defendants had ordered it towed.

58. Plaintiff had to pay $400.00 towing and storage charges in order to retrieve his aforementioned motor vehicle.

59. Because plaintiff is a legal resident alien of the United States, he was visited by agents of the Immigration and Customs Enforcement Bureau of the United States Department of Homeland Security while he was incarcerated at the Westchester County Correctional Center.

60. On or about September 18, 2009, defendant BOHAN signed a superseding misdemeanor information, charging plaintiff with one count each of assault in the third degree, harassment in the second degree and resisting arrest.

61. On or about April 15, 2010, after a jury trial in Yonkers City Court, plaintiff was acquitted of all the charges against him.

62. The individual defendants violated plaintiff's rights to be arrested, charged and prosecuted only with probable cause therefor, to have his property be secure and to be free from the use of unreasonable and excessive force, all guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States; and his right to receive prompt medical treatment for his injuries, guaranteed to him by the fourteenth amendment to the Constitution of the United States, in that, acting under color of state law, they, without any cause or provocation whatsoever, falsely placed plaintiff under arrest; falsely imprisoned him; used excessive and unnecessary force against him; improperly searched and confiscated his motor vehicle; maliciously prosecuted him and maliciously and intentionally delayed the provision of medical treatment to him.

63. Because of the aforementioned acts committed against him by the individual defendants hereto, while they were acting under color of state law, plaintiff suffered a loss of his liberty and interference with his property, suffered severe and permanent head injuries, lost employment he had just been accepted for, lost time from his schooling, lost a business opportunity, was compelled to defend himself against false charges in a criminal trial, incurred legal expenses, and was forced to pay to retrieve his motor vehicle.

64. By reason of the aforementioned unconstitutional and illegal actions taken against him by the individual defendants hereto, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS BOHAN AND THE CITY OF YONKERS
(Malicious Prosecution)

65. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "64" hereinabove as if more fully set forth at length herein.

66. On or about August 17, 2009, and September 18, 2009, defendant BOHAN maliciously caused a criminal prosecution to be commenced against plaintiff by his act of falsely and maliciously charging him with crimes and a violation.

67. Defendant BOHAN was without probable cause to charge plaintiff with the aforementioned offenses.

68. On or about April 15, 2010, a jury sitting in Yonkers City Court acquitted plaintiff of all the aforementioned charges made against him by defendant BOHAN.

69. At the time that defendant BOHAN falsely and maliciously caused the aforesaid prosecution to be commenced against plaintiff, he was acting within the scope of his employment by defendant CITY OF YONKERS.

70. By reason of the prosecution maliciously commenced against plaintiff by defendant BOHAN, while he was acting within the scope of his employment by defendant CITY OF YONKERS, plaintiff suffered a loss of his liberty; lost employment he had just been accepted for, lost time from his schooling, lost a business opportunity, was compelled to defend himself against the false charges at a criminal trial and incurred legal expenses.

71. As a result of the malicious prosecution committed against him by defendant BOHAN, while he was acting within the scope of his employment by defendant CITY OF YONKERS, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and seeks an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant BOHAN.

WHEREFORE, plaintiff, PATRICK AGYAPONG, demands judgment against defendants, P.O. D. BOHAN, Shield No. 204, P.O. JIMMY DIODATI, Shield N0. 327, P.O. MONACO, Shield No. 84, P.O. RUBIN, Shield No. 290, P.O. KOSNOCSICK, Shield No. 465, P.O. "JOHN DOES" 1-5 and THE CITY OF YONKERS, as follows:

FIRST CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants;

SECOND CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant BOHAN.

In addition, plaintiff demands the costs and disbursements of this action, including his attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
      January 20, 2011

_____
ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 302
Kew Gardens, New York 11415
(718) 793-6363
File No: 2169